IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Linwood Boykin, # 55959-018, | Civil Action No.: 4:13-cv-00766-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Kenny Atkinson, Warden of FCI-Edgefield, | |
| Respondent. | |

Petitioner Linwood Boykin, a federal prisoner proceeding *pro se*, filed this petition under 28 U.S.C. § 2241, challenging his conviction. The matter is now before the Court for review after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] The Magistrate Judge recommends that this Court summarily dismiss Petitioner's petition *without prejudice* because his claims are not cognizable in a § 2241 petition.

Petitioner pled guilty in the United States District Court for Middle District of Florida to defrauding the United States through counterfeiting, and he was sentenced to sixty months in prison.[2] He filed a § 2241 petition in March 2013, challenging his conviction and sentence on the basis that the sentencing court lacked subject matter jurisdiction. Pet., ECF No. 1. The Magistrate Judge issued an R&R on May 6, 2013, recommending that the petition be dismissed. R&R, ECF No. 16. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 19.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.
[2] Because the facts are well-represented in the Magistrate Judge's R&R, any further discussion of the facts by this Court is unnecessary.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* because his challenge is not cognizable in a § 2241 petition. Specifically, the Magistrate Judge concludes that "Petitioner's claims are cognizable only under 28 U.S.C. § 2255, and Petitioner had not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective." R&R 3–4. In his objections, Petitioner fails to explain why the Magistrate Judge's recommendation is erroneous. Instead, Petitioner essentially argues that, because he is *pro se*, this Court can ignore the fact that § 2255 is the remedy crafted by Congress to redress convictions and sentences imposed in violation of federal law. Such an interpretation runs against the established rule, as the Magistrate Judge explains in his R&R, that § 2241 petitions are appropriate vehicles to challenge convictions or sentences imposed only when § 2255 is "inadequate or ineffective." 28 U.S.C. §

2255(e). Petitioner, in his objections, again fails to explain how § 2255 is an inadequate or ineffective remedy. Accordingly, the Magistrate Judge's recommendation is proper, and Petitioner's objections are overruled.

## Conclusion

The Court has thoroughly reviewed Petitioner's § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's petition is **DISMISSED** *without prejudice* and without requiring Respondent to respond.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
October 15, 2013